FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JUN 1 5 2010

JAMES N. HATTEN, CLERK
By_____ Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **MIRIAM TORRES** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **CIVIL ACTION FILE** |
| | ) | **NO. _____** |
| **vs.** | ) | |
| | ) | **1 10·CV-1831** |
| **TOTAL FACILITY SERVICES, LLC,** | ) | |
| **and INTER-CONTINTENTAL** | ) | **JURY TRIAL** |
| **HOTELS CORPORATION,** | ) | **DEMANDED     MHS** |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

COMES NOW MIRIAM TORRES, Plaintiff above, (hereafter

"Plaintiff"), by and through the undersigned counsel, and for her Complaint

shows the Court the following:

## INTRODUCTION

1.

Plaintiff worked as a laundry assistant, coordinator and floor

supervisor at the Intercontinental Hotel in Atlanta, Georgia from October 1,

2007 through June 4, 2010.

2.

Plaintiff brings this action under the Fair Labor Standards Act, as

amended, (hereinafter referred to as "FLSA") to recover (1) the overtime

wage that was denied her and an additional amount as liquidated damages and (2) her costs of litigation, including her reasonable attorneys' fees.

3.

In addition to her federal cause of action, Plaintiff also brings this action to recover deductions that were made from her pay to cover the cost of Workers' Compensation insurance in violation of O.C.G.A. § 34-9-121 and the public policy of the State of Georgia.

## JURISDICTION AND VENUE

4.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. §216(b), 28 U. S.C §§1331 and 1337, because this case arises under the FLSA, a federal statute that affects interstate commerce.

5.

This Court has supplemental jurisdiction over Plaintiff's state law claim set forth herein arising under Georgia law in accord with 28 U.S.C. §1367 because the state law claim is so related to the federal claim that it forms part of the same case or controversy.

6.

Venue properly lies in the Northern District of Georgia under 28

U.S.C. §1391 because Defendants are located in this judicial district, and all

the events giving rise to the claims herein arose in this judicial district.

## THE PARTIES

7.

Plaintiff resides within Dekalb County, Georgia.

8.

At all times material hereto, Plaintiff has been an "employee" as

defined in the FLSA §3(e)(2)(c); 29 U.S.C. §203(e)(2)(c).

9.

At all times material hereto, Plaintiff has been an employee covered

by the FLSA and entitled to the minimum wage and overtime protections set

forth in FLSA §§6 and 7(c); 29 U.S.C. §§ 206, 207(c).

10.

At all times material hereto, Plaintiff has been an "employee" as

defined in O.C.G.A. § 34-9-1.

11.

Defendant Total Facility Services, LLC is a Limited Liability

Company organized under the laws of the State of Georgia.

12.

At all times material hereto, Defendant Total Facility Services, LLC
has been an "employer" as defined in FLSA §3(d), 29 U.S.C. §203(d) and an
"enterprise engaged in commerce" as defined in FLSA §3(s)(1)(C); 29
U.S.C. § 203(s)(1 )(C).

13.

At all times material hereto, Defendant Total Facility Services, LLC
has been an "employer" as defined in O.C.G.A. § 34-9-1.

14.

Defendant Total Facility Services, LLC is subject to the personal
jurisdiction of this Court.

15.

Defendant Inter-Continental Hotel Corporation is a corporation
organized under the laws of the State of Delaware.

16.

At all times material hereto, Defendant Inter-Continental Hotel
Corporation has been an "employer" as defined in FLSA §3(d); 29 U.S.C.
§203(d) and an "enterprise engaged in commerce" as defined in FLSA
§3(s)(1)(C); 29 U.S.C. § 203(s)(1 )(C).

17.

At all times material hereto, Defendant Inter-Continental Hotel

Corporation has been an "employer" as defined in O.C.G.A. § 34-9-1.

18.

Defendant Inter-Continental Hotel Corporation is subject to the

personal jurisdiction of this Court.

19.

At all times material hereto, Defendants were joint employers of

Plaintiff as defined in 29 C.F.R. § 791.2, such that both Defendants are

individually and jointly responsible for compliance with all provisions of the

FLSA, including the overtime provision.

**COUNT I**          **FAILURE TO PAY PLAINTIFF OVERTIME
                      IN VIOLATION OF THE FLSA**

20.

The allegations of Paragraphs 1 through 19 above are incorporated by

reference, as if each were fully set out herein.

21.

During her employment with Defendants, Plaintiff regularly worked

in excess of forty hours each week.

22.

Defendants failed to compensate Plaintiff at one and one half times her regular rate for work in excess of forty hours in any week from October 1, 2007 through June 4, 2010.

23.

Defendants willfully failed to compensate Plaintiff at one and one half times her regular rate for work in excess of forty hours in any week from October 1, 2007 through June 4, 2010.

24.

As a result of underpayment of overtime as alleged above, Defendants are liable to Plaintiff in an amount to be determined at trial, in accordance with FLSA § 16(b); 29 U.S.C. §216(b).

25.

Plaintiff is entitled to liquidated damages in addition to the overtime compensation alleged above in accordance with FLSA §16 (b); 29 U.S.C. §216(b), because Defendants have willfully and repeatedly violated the FLSA.

26.

Plaintiff is entitled to recover her attorneys' fees and costs of litigation from Defendants in accordance with FLSA §16 (b); 29 U.S.C. §216(b).

**COUNT II**          **UNLAWFUL DEDUCTIONS FROM PLAINTIFF'S PAY FOR THE PURPOSE OF COVERING THE COST OF WORKERS' COMPENSATION PREMIUMS**

27.

The allegations of Paragraphs 1 through 26 above are incorporated by reference, as if each were fully set out herein.

28.

While employed by Defendants, Plaintiff did not have the right to exercise control over the time, manner and method of the work to be performed.

29.

While employed by Defendants, Plaintiff was paid on an hourly basis.

30.

From October 1, 2007 through June 4, 2010 Defendants deducted a portion of Plaintiff's pay in order to cover the cost of Workers' Compensation insurance.

31.

An agreement to deduct the cost of Workers' Compensation insurance from an employee's paycheck is contrary to O.C.G.A. 34-9-121(a).

32.

An agreement to deduct the cost of Workers' Compensation insurance

from an employee's paycheck is contrary to the public policy of the State of Georgia.

33.

With or without an agreement, it is unlawful to make deductions from an employee's paycheck in order to cover the cost of Workers' Compensation insurance.

34.

Defendants are liable to Plaintiff in an amount to be determined at trial for the amount of Workers' Compensation insurance deductions unlawfully taken from Plaintiff's pay.

35.

Defendants are liable to Plaintiff for her costs of litigation, including her reasonable attorneys' fess, to recover said unlawful deductions.

## PRAYER FOR RELIEF

Plaintiff respectfully requests:

A.        That Plaintiff be awarded an amount to be determined at trial against Defendants jointly and severally in unpaid overtime compensation due under the FLSA, plus an additional like amount in liquidated damages due because of the Defendants' willful and repeated disregard for their obligations and

- 8 -

Plaintiffs' rights under the FLSA, plus prejudgment interest thereon, plus Plaintiffs' reasonable attorneys fees and costs.

B.      That Plaintiff be awarded an amount to be determined at trial against Defendants jointly and severally for deductions unlawfully withheld from her pay for the purpose of covering the cost of Workers' Compensation insurance.

C.      That Plaintiffs be awarded her reasonable attorney's fees and expenses of litigation.

D.      That Plaintiff be awarded such relief as is just, equitable and proper.

Respectfully submitted,

Kevin D. Fitzpatrick, Jr.
Ga. Bar No. 262375
3100 Centennial Tower
101 Marietta Street
Atlanta, GA 30303
(404) 979-3150
(404) 979-3170 (f)
kevin.fitzpatrick@dcnblaw.com
Counsel for Plaintiffs

Charles R. Bridgers    (by KDF)
Ga. Bar No. 080791
3100 Centennial Tower
101 Marietta Street
Atlanta, GA 30303
(404) 979-3150
(404) 979-3170 (f)
charlesbridgers@dcnblaw.com
Counsel for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **MIRIAM TORRES** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **CIVIL ACTION FILE** |
| | ) | **NO. _____** |
| **vs.** | ) | **1 10·CV-1831** |
| | ) | |
| **TOTAL FACILITY SERVICES, LLC,** | ) | |
| **and . INTER-CONTINTENTAL** | ) | **JURY TRIAL** |
| **HOTELS CORPORATION,** | ) | **DEMANDED** |
| | ) | |
| **Defendants.** | ) | |

## CERTIFICATE OF COUNSEL

Pursuant to N.D. Ga. R. 7.1, the undersigned counsel certifies that this

pleading was prepared with Times New Roman (14 point), one of the fonts

and point selections approved by the Court in N.D. Ga. R. 5.1 B.

This 15th day of June, 2010.

3100 Centennial Tower
101 Marietta Street, N.W.            Kevin D. Fitzpatrick, Jr.
Atlanta, Ga. 30303                   Georgia Bar No. 262375
Telephone: (404) 979-3150            Counsel for Plaintiff
Facsimile: (404) 979-3170
Kevin.Fitzpatrick@dcnblaw.com